## Earley License

*David Freeman*, for appellant.

*Herbert S. Levin*, for Commonwealth.

HAGAN, P. J., March 2, 1962.—This is an appeal from an order of the Secretary of Revenue of the State of Pennsylvania suspending defendant's license to operate an automobile for a term of six months. The matter came on for hearing before the writer of this opin-

ion on February 26, 1962. The relevant facts were orally stipulated by counsel for plaintiff and defendant, and are recorded in the notes of testimony.

## Findings of Fact

1. On July 1, 1960, defendant, while operating a motor vehicle in the City of Philadelphia, was taken into custody by a police officer of the City of Philadelphia, who then and there arrested defendant and charged him with the offense of driving a motor vehicle while under the influence of intoxicating liquor.

2. After defendant had been arrested, and after he was no longer in his motor vehicle, he resisted arrest and committed an assault and battery upon the arresting officer, for which offenses he was subsequently tried and convicted. He was tried and acquitted of the charge of driving a motor vehicle while under the influence of intoxicating liquor.

3. Thereafter defendant was notified by the Department of Revenue of the State of Pennsylvania that his license to operate a motor vehicle had been suspended for a period of six months from January 25, 1962, by reason of his convictions as aforesaid, in accordance with section 618(a) (2) of The Vehicle Code of April 29, 1959, P. L. 58.

4. On January 23, 1962, defendant appealed from the aforesaid order of suspension of his driver's license by the Secretary of Revenue, and the matter came on for a de novo hearing before the writer of this opinion on February 26, 1962.

## Discussion

Section 618(a) (2) of The Vehicle Code provides as follows:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person

pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

The Commonwealth contends that, under the facts as stipulated in this case, the misdemeanors of which defendant was convicted, to wit: resisting arrest and assault and battery upon a police officer while resisting arrest, brought defendant within the terms of the above-quoted section of The Vehicle Code, in that a motor vehicle "was used" by defendant "in the commission" of the misdemeanors. On the other hand, defendant argues that the misdemeanors for which he was convicted had no reasonable relationship to the prior operation of his motor vehicle, and that, therefore, the cited section of the code cannot be used to sustain the suspension of defendant's license to operate an automobile.

There appear to be no reported cases in Pennsylvania bearing directly upon the issue in this case, except Dieter License, 76 D. & C. 181, and Malloy License, 81 D. & C. 422.

In Dieter License (C. P. of Northampton County), defendant was a passenger in an automobile driven by his brother, who at the time was intoxicated. The automobile was stopped by a police officer, who proceeded to take the intoxicated driver to a doctor for examination. Thereupon defendant protested and attempted to restrain the officer from taking his brother into custody; and he was charged and subsequently convicted of obstructing an officer in the making of an arrest, a misdemeanor punishable by the Penal Code of the State of Pennsylvania (Act of June 24, 1939, P. L. 872).

Thereafter, the Secretary of Revenue suspended the driver's license of defendant, acting upon the authority of section 615 of the Act of May 1, 1929, P. L. 905, which has been reenacted by section 618(a) (2) of the present Vehicle Code. The court held that defendant had been convicted of an offense under the Penal Code of the State and not of any offense under The Vehicle Code, and that the fact that defendant had a license to operate an automobile had nothing to do with the offense of obstructing an officer, for which he was convicted. The court, in sustaining defendant's appeal, said at page 187:

". . . The fact that he [defendant] had an operator's license had nothing to do with the offense of obstructing an officer, of which he was convicted. He made no use of an automobile in the commission of the offense of which he was convicted. He was not convicted under any indictment which charges an offense under the language of any criminal provision of The Vehicle Code."

In Malloy License (C. P. of Montgomery County), defendant, in the course of operating a motor vehicle, shot out street lights and turned in false alarms; and he was indicted for malicious mischief and pled guilty to the indictment. Thereafter, the Secretary of Revenue suspended defendant's operator's license, which upon appeal was upheld by the court on the ground that defendant had pled guilty to a misdemeanor "in the commission of which a motor vehicle was used" within the meaning of the above-quoted section of The Vehicle Code. The only help which defendant in the instant case can get from Malloy License is the following dicta in the opinion of the court at page 425:

"We are of the opinion, however, that to come within the swathe of paragraph 2 of section 615(a), the misdemeanor must have some reasonable relation to 'the

operation of the motor vehicle and the use of the machine must contribute in some reasonable degree to the commission of the misdemeanor . . ."

We agree with the dicta in the Malloy case, and we therefore hold that in the case at bar the conviction of this defendant of the offenses of resisting arrest and assault and battery upon a police officer in resisting arrest, which were misdemeanors punishable under the Penal Code and not under The Vehicle Code, had no reasonable relationship to defendant's operation of his motor vehicle prior to his arrest.

### Conclusions of Law

1. The Secretary of Revenue is not justified in suspending the driver's license of a motorist under section 618(a)(2) of The Vehicle Code [which provides that the Secretary of Revenue may suspend the operating privilege of any person who has been convicted of a misdemeanor "in the commission of which a motor vehicle . . . was used"] unless the misdemeanor of which the motorist has been convicted bears some reasonable relationship to his operation of the motor vehicle.

2. The misdemeanors of which this defendant was convicted [resisting arrest and committing an assault and battery upon an officer while resisting arrest] bear no reasonable relationship to defendant's operation of his motor vehicle prior to his arrest.

In accordance with the foregoing findings of fact and conclusions of law, the court enters the following

### Order

And now, March 2, 1962, for the reasons set forth in the foregoing adjudication, defendant's appeal is hereby sustained, and the order of the Secretary of Revenue suspending defendant's license to operate an automobile is hereby vacated.